## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **ROGER BARBOUR** | ) | **Case No.: 3:19-cv-2816** |
| 83 North Vanntown School Road | ) | |
| Flintville, Tennessee 37335 | ) | **Judge:** |
| | ) | |
| **and** | ) | **PLAINTIFFS' COMPLAINT** |
| | ) | **WITH JURY DEMAND ENDORSED HEREON** |
| **FELICIA BARBOUR** | ) | |
| 83 North Vanntown School Road | ) | Charles E. Boyk, Esq. (0000494) |
| Flintville, Tennessee 37335 | ) | Kathleen R. Harris (0088079) |
| | ) | Charles E. Boyk Law Offices, LLC |
| **Plaintiffs,** | ) | 405 Madison Avenue, Suite 1200 |
| | ) | Toledo, Ohio 43604 |
| **v.** | ) | Telephone: (419) 241-1395 |
| | ) | Facsimile: (419) 241-8731 |
| **PEOPLES SERVICES, INC.** | ) | cboyk@charlesboyk-law.com |
| c/o Douglas J. Sibila | ) | kharris@charlesboyk-law.com |
| P.O. Box 20109 | ) | |
| Canton, Ohio 44701 | ) | *Attorneys for Plaintiff* |
| | ) | |
| **and** | ) | |
| | ) | |
| **PEOPLES CARTAGE, INC.** | ) | |
| c/o Douglas J. Sibila | ) | |
| P.O. Box 20109 | ) | |
| Canton, Ohio 44701 | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **TOTAL DISTRIBUTION, INC.** | ) | |
| c/o Douglas Sibila | ) | |
| 2207 Kimball Road S.E. | ) | |

| | |
|---|---|
| Canton, Ohio 44707<br><br>**Defendants.** | )<br>)<br>) |

Now come Plaintiffs Roger Barbour and his wife, Felicia Barbour, by and through counsel, and hereby bring the following Complaint against Defendants Peoples Services, Inc., Peoples Cartage, Inc., and Total Distribution, Inc. for injuries and damages arising out of a collision between two semi-trucks on or about December 13, 2017 in Fremont, Sandusky County, Ohio. In support of their Complaint, Plaintiffs state as follows:

## PARTIES

1. Plaintiff Roger Barbour and his wife Plaintiff Felicia Barbour are individuals and residents of the State of Tennessee.

2. Defendant Peoples Services, Inc. a motor vehicle carrier that upon information and belief is a corporation organized under the laws of the State of Ohio with its principal place of business in Canton, Ohio. Upon information and belief, Defendant Peoples Services is the parent company of Defendant Total Distribution, Inc.

3. Defendant Peoples Cartage, Inc. is a motor vehicle carrier that upon information and belief is a corporation organized under the laws of the State of Ohio with its principal place of business in Canton, Ohio.

4. Defendant Total Distribution, Inc. is a motor vehicle carrier that upon information and belief is a corporation organized under the laws of the State of West Virginia with its principal place of business in Nitro, West Virginia.

## JURISDICTION AND VENUE

5. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

2

6. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332 because the Plaintiffs' citizenship is diverse from each of the Defendants' citizenship, and because the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the collision described herein occurred in Sandusky County, Ohio, which is located in this judicial district.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

9. On or about December 13, 2017, Plaintiff Roger Barbour was operating a semi-truck in the course and scope of his employment, waiting for his truck to be loaded at the Heinz plant in Fremont, Sandusky County, Ohio.

10. At the same time, another truck driver was operating a semi-truck in the course and scope of his employment and/or agency with Defendant Peoples Services, Inc., Defendant Peoples Cartage, Inc., and/or Defendant Total Distribution, Inc., when that truck driver reversed at a high rate of speed directly into the driver's side of Plaintiff Roger Barbour's stopped truck, causing serious personal injuries to Mr. Barbour.

## FIRST CAUSE OF ACTION
*(Negligence – Defendant Peoples Services, Inc.)*

11. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

12. At all relevant times, the truck driver who struck Plaintiff Roger Barbour was acting in the course and scope of his employment and/or agency with Defendant Peoples Services, Inc.

13. Defendant Peoples Services, Inc. had a duty to act reasonably in hiring, instructing, training, supervising, and retaining all drivers operating under its federal motor carrier

3

operating authority and other employees and agents, including the truck driver who struck Plaintiff Roger Barbour, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe. Defendant Peoples Services had a duty to exercise reasonable care in all of its actions and omissions.

14. Defendant Peoples Services had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

15. Defendant Peoples Services failed in the above-mentioned duties and was therefore negligent.

16. Defendant Peoples Services' negligence was the direct and proximate cause of serious and permanent personal injuries to Plaintiff Roger Barbour, including but not limited to injuries to his head, right shoulder, back, neck, teeth, and vision. These injuries required hospital and medical care and caused Mr. Barbour to incur substantial medical and hospital care costs, including surgery, along with pain and suffering, lost wages and other economic loss, mental anguish, and emotional distress. Further, Plaintiff Roger Barbour believes his injuries are permanent in nature and will require future medical care and future medical care costs, and that he will continue to endure great pain, suffering, mental anguish, and emotional distress.

## SECOND CAUSE OF ACTION
(*Negligence – Defendant Peoples Cartage, Inc.*)

17. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

18. At all relevant times, the truck driver who struck Plaintiff Roger Barbour was acting in the course and scope of his employment and/or agency with Defendant Peoples Cartage, Inc.

19. Defendant Peoples Cartage, Inc. had a duty to act reasonably in hiring, instructing, training, supervising, and retaining all drivers operating under its federal motor carrier operating authority and other employees and agents, including the truck driver who struck Plaintiff Roger Barbour, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe. Defendant Peoples Cartage had a duty to exercise reasonable care in all of its actions and omissions.

20. Defendant Peoples Cartage had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

21. Defendant Peoples Cartage failed in the above-mentioned duties and was therefore negligent.

22. Defendant Peoples Cartage' negligence was the direct and proximate cause of serious and permanent personal injuries to Plaintiff Roger Barbour, including but not limited to injuries to his head, right shoulder, back, neck, teeth, and vision. These injuries required hospital and medical care and caused Mr. Barbour to incur substantial medical and hospital care costs, including surgery, along with pain and suffering, lost wages and other economic loss, mental anguish, and emotional distress. Further, Plaintiff Roger Barbour believes his injuries are permanent in nature and will require future medical care and future medical care costs, and that he will continue to endure great pain, suffering, mental anguish, and emotional distress.

### THIRD CAUSE OF ACTION
(*Negligence – Defendant Total Distribution, Inc.*)

23. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

24. At all relevant times, the truck driver who struck Plaintiff Roger Barbour was acting in the course and scope of his employment and/or agency with Defendant Total Distribution, Inc.

25. Defendant Total Distribution, Inc. had a duty to act reasonably in hiring, instructing, training, supervising, and retaining all drivers operating under its federal motor carrier operating authority and other employees and agents, including the truck driver who struck Plaintiff Roger Barbour, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe. Defendant Total Distribution had a duty to exercise reasonable care in all of its actions and omissions.

26. Defendant Total Distribution had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

27. Defendant Total Distribution failed in the above-mentioned duties and was therefore negligent.

28. Defendant Total Distribution's negligence was the direct and proximate cause of serious and permanent personal injuries to Plaintiff Roger Barbour, including but not limited to injuries to his head, right shoulder, back, neck, teeth, and vision. These injuries required hospital and medical care and caused Mr. Barbour to incur substantial medical and hospital care costs, including surgery, along with pain and suffering, lost wages and other economic loss, mental anguish, and emotional distress. Further, Plaintiff Roger Barbour believes his injuries are permanent in nature and will require future medical care and future medical care costs, and that he will continue to endure great pain, suffering, mental anguish, and emotional distress.

## FOURTH CAUSE OF ACTION
### (*Vicarious Liability – Defendant Peoples Services, Inc.*)

29. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

30. At all relevant times, the truck driver who struck Plaintiff Roger Barbour was the employee, agent, servant, or independent contractor of Defendant Peoples Services, Inc. Accordingly, Defendant Peoples Services is vicariously liable for the acts of the truck driver who struck Plaintiff Roger Barbour as described herein.

31. Regardless of the employment or agency relationship, Defendant Peoples Services is an interstate motor carrier and the registered owner of the USDOT number displayed on the tractor-trailer involved in this collision and is therefore responsible for the acts of the driver who struck Plaintiff Roger Barbour.

## FIFTH CAUSE OF ACTION
### (*Vicarious Liability – Defendant Peoples Cartage, Inc.*)

32. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

33. At all relevant times, the truck driver who struck Plaintiff Roger Barbour was the employee, agent, servant, or independent contractor of Defendant Peoples Cartage, Inc. Accordingly, Defendant Peoples Cartage is vicariously liable for the acts of the truck driver who struck Plaintiff Roger Barbour as described herein.

34. Regardless of the employment or agency relationship, Defendant Peoples Cartage is an interstate motor carrier and the registered owner of the USDOT number displayed on the tractor-trailer involved in this collision and is therefore responsible for the acts of the driver who struck Plaintiff Roger Barbour.

## SIXTH CAUSE OF ACTION
*(Vicarious Liability – Defendant Total Distribution, Inc.)*

35. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

36. At all relevant times, the truck driver who struck Plaintiff Roger Barbour was the employee, agent, servant, or independent contractor of Defendant Total Distribution, Inc. Accordingly, Defendant Total Distribution is vicariously liable for the acts of the truck driver who struck Plaintiff Roger Barbour as described herein.

37. Regardless of the employment or agency relationship, Defendant Total Distribution is an interstate motor carrier and the registered owner of the USDOT number displayed on the tractor-trailer involved in this collision and is therefore responsible for the acts of the driver who struck Plaintiff Roger Barbour.

## SEVENTH CAUSE OF ACTION
*(Loss of Consortium – Plaintiff Felicia Barbour – All Defendants)*

38. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

39. Plaintiff Felicia Barbour is Plaintiff Roger Barbour's legal spouse and has been his legal spouse at all times relevant to this Complaint.

40. Plaintiff Felicia Barbour states that as a result of the Defendants' negligence, she has been deprived of the love, affection, services, consortium, and society of her husband, Plaintiff Roger Barbour.

41. Plaintiff Felicia Barbour further states that as a result of the Defendants' negligence, the enjoyment and quality of her life and her ability to carry on the normal activities of her daily life with her husband have been impaired.

WHEREFORE, Plaintiffs pray for judgment to be entered against the Defendants on each of the claims against them in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00), together with interest, costs, reasonable attorney fees associated herewith, and such other relief as the Court may deem just.

> Respectfully submitted,
>
> /s/ Charles E. Boyk
> Charles E. Boyk
> Kathleen R. Harris
> Attorneys for Plaintiff

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues triable by right.

> Respectfully submitted,
>
> /s Charles E. Boyk
> Charles E. Boyk
> Kathleen R. Harris
> Attorneys for Plaintiffs